# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| SHERMAN STILLWELL GRIFFIN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-4472 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

### ORDER OF DISMISSAL

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his state conviction. Public state court records show that petitioner was convicted of aggravated sexual assault of a child under fourteen years of age and sentenced to 45 years' imprisonment in July 2012, in Harris County, Texas. The conviction was affirmed on direct appeal in July 2013, and discretionary review was refused in December 2013. Petitioner's application for a writ of certiorari was denied by the United States Supreme Court on October 5, 2015.

Petitioner filed an application for state habeas relief with the trial court in June 2016. The state trial court rejected petitioner's habeas claims and forwarded the habeas proceeding to the Texas Court of Criminal Appeals on December 18, 2018. Public records for the Texas Court of Criminal Appeals indicate that the proceeding remains pending before that court. *Ex parte Griffin*, WR 86,118–02.

A petitioner must fully exhaust state court remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with section 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). The exhaustion requirement is satisfied when the substance of the federal claim is fairly presented to the Texas Court of Criminal Appeals on direct appeal or in state post-conviction proceedings. *Fisher v. State of Texas*, 169 F.3d 295, 302 (5th Cir. 1999). Exceptions exist only where there is an absence of available state corrective process or circumstances exist that render the available process ineffective. 28 U.S.C. § 2254(b)(1)(B). Because petitioner's state habeas proceeding remains pending in the Texas Court of Criminal Appeals, his claims are unexhausted and this lawsuit must be dismissed.

Petitioner nevertheless argues that undue delay by the state trial court excuses his need to exhaust. Because petitioner's federal petition is not signed and dated (Docket Entry No. 1, p. 10), it is unclear when it was prepared. This Court received and docketed the petition on November 27, 2018. At that time, petitioner's state habeas proceeding was still pending in the state trial court and had not yet been forwarded to the Texas Court of Criminal Appeals. However, state court records show that petitioner's state habeas proceeding is currently under active consideration by the Texas Court of Criminal Appeals as of December 18, 2018. Consequently, this Court will allow that court to consider petitioner's habeas claims prior to federal intervention. In the event petitioner thereafter finds it necessary to

pursue federal habeas relief, he is advised to re-file his federal habeas petition without undue delay.

The petition is DISMISSED WITHOUT PREJUDICE for failure to exhaust. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on January 23, 2019.

_____
Gray H. Miller
Senior United States District Judge